UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROSHNI D. K.,<br><br>                Plaintiff,<br><br>    v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 3:24-cv-05974-TLF<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

      Plaintiff filed her application for DIB on July 12, 2021, alleging a disability onset date of January 25, 2020. AR 67. The claim was denied initially and on reconsideration. AR 74, 90. ALJ Richard Geib conducted a hearing on October 18, 2023. AR 37-66. On January 22, 2024, ALJ Geib issued a decision finding plaintiff not disabled. AR 14-36. The Appeals Council declined the request for review and plaintiff filed an appeal to this Court. AR 1-6.

      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

The ALJ determined that plaintiff had the following severe impairments: obesity, right shoulder condition post-surgery (2019), and cervical spine condition. AR 20. The ALJ found plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b) except:

> The claimant can frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds. The claimant can frequently crawl. The claimant can occasionally reach overhead bilaterally. She can frequently reach in front and laterally with the right upper extremity. The claimant must avoid concentrated exposure to work hazards, such as dangerous moving machinery.

AR 22. Based on hypotheticals posed to the vocational expert at the hearing, the ALJ concluded plaintiff could not perform her past work, but could work, instead, as a routing clerk, marker, or production assembler. AR 29-30.

Plaintiff argues that the ALJ erred by improperly evaluating the medical evidence, her symptom testimony, and the lay witness testimony, resulting in an erroneous RFC. Dkt. 12 at 1.

**1. The ALJ Did Not Err in Evaluating the Medical Evidence**

Plaintiff filed the claim on July 12, 2021, so the ALJ applied the 2017 regulations. *See* AR 17. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ is required to explain with specificity how they considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

Under the 2017 regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff challenges the ALJ's evaluation of the medical opinions of Patrick Armstrong, MA, OTR/L, Dr. Scott Kitchel, M.D., Dr. Christopher Roach, M.D., and Dr. Sushil Sethi, M.D., in addition to the prior administrative medical findings of Dr. Diane Rubin, M.D., and Dr. Craig Billinghurst, M.D. Dkt. 12 at 2-9.

a. <u>Patrick Armstrong, MA, OTR/L</u>

Occupational therapist Armstrong conducted a functional capacity evaluation of plaintiff on April 6, 2020. AR 1070-79. Mr. Armstrong opined that plaintiff could sit for

3

one hour at a time for seven hours per day; stand for 30 minutes at a time for 4 hours per day; walk for 15 minutes at a time for 3 hours per day; alternately sit/stand/walk for 4 hours at a time for 8 hours per day; and alternately stand/walk for 40 minutes at a time for 5 hours per day. AR 1071.

Plaintiff could never climb or work on ladders, seldom crawl, and only occasionally climb stairs, bend, kneel, and twist the neck. *Id.*, AR 1076. Plaintiff could frequently squat, reach forward, and reach above the shoulder with the left upper extremity. AR 1071. With the right upper extremity, plaintiff could only occasionally reach forward and seldom reach and work above the shoulder. *Id.*

The ALJ noted that Mr. Armstrong's opinions were supported by his examination but found them unpersuasive as inconsistent with the medical record. AR 27. The ALJ found that the opined limitations were inconsistent with imaging of plaintiff's cervical spine and only typical post-operative changes of the right shoulder; physical examination results demonstrating no strength, sensory, or reflex deficits and a normal gait; improvement in pain symptomology with medication and treatment; evidence of self-restriction and pain behaviors; and only mild obesity. AR 27-28.

Plaintiff contends that none of the findings cited by the ALJ are "actually inconsistent" with Mr. Armstrong's opinion but does not provide reasoning or citations to evidence to support this contention. Dkt. 12 at 3. The ALJ cited to MRI reports indicating that plaintiff's disc protrusion was mild and mostly stable but had decreased in size over time. AR 27-28 (citing AR 351 (January 2019 MRI showing mild disc bulge at C6-7, protrusion shallower than previously with diminished degree of mass effect), 371

(January 2021 MRI showing unchanged left paracentral protrusion at C6-7); 882 (June 2022 MRI showing slightly decreased size of disc protrusion since July 2021)).

      The ALJ also cited to a shoulder MRI which showed no abnormalities in plaintiff's shoulder other than typical post-operative changes, and normal electrodiagnostic studies done on plaintiff's right arm. AR 27-28 (citing AR 396 (March 2021 electrodiagnostic study normal, 5/5 strength in hand with no significant atrophy noted, sensation grossly intact)). The ALJ also referenced visit notes throughout the record reflecting normal range of motion, full sensation, and 5/5 strength despite some pain with palpation. AR 27-28 (citing AR 381 (April 2021 physical exam showing normal range of motion and reassuring strength in the upper extremities bilaterally, albeit with pain with movement of the right upper extremity), 623 (February 2022 exam showing sensation and reflexes were normal, motor function 5/5, she is able to perform fine and dexterous movements of the hands), 970 (August 2019 MRI showed typical postoperative changes and a repaired rotator cuff)).

      The ALJ reasonably found these normal and mild findings inconsistent with the more severe limitations opined by Mr. Armstrong. *See Allen v. Kijakazi*, 2023 WL 2728857, at *1 (9th Cir. Mar. 31, 2023) (affirming ALJ's conclusion that significant restrictions were inconsistent with objective medical evidence showing only mild degenerative changes, improved pain, and periods of normal gait); *Melissa L. v. Comm'r, Soc. Sec. Admin.*, 2025 WL 732313, at *8 (D. Or. Mar. 7, 2025) (ALJ reasonably found several normal findings and lack of objective medical evidence undermined doctor's assessment of extreme limitations).

        b. <u>Dr. Scott Kitchel, M.D. & Dr. Christopher Roach, M.D.</u>

Plaintiff argues the opinions of Dr. Kitchel and Dr. Roach are of limited relevance because they were using the Washington State Department of Labor and Industries rules for evaluating work-related injuries. Dkt. 12 at 5. Plaintiff reasons that, unlike L&I medical evaluations, Social Security is required to evaluate the totality of her functional limitations, including limitations that are not necessarily related to her on-the-job injuries. Dkt. 12 at 5.

Both Dr. Kitchel and Dr. Roach conducted physical examinations of plaintiff and reviewed her medical records, which included records pertaining to her neck, back, and shoulder pain. *See* AR 949-57, 967-72. It is the ALJ's responsibility to weigh the medical opinions and determine how much weight to give each. *Cross v. O'Malley*, 89 F.4th 1211, 1213-14 (9th Cir. 2024). Ultimately, plaintiff asks the Court to reweigh the evidence. But because the ALJ's findings are legally sufficient and supported by substantial evidence, the Court must uphold them. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Plaintiff further argues that the ALJ did not state any valid reason supported by substantial evidence for rejecting Dr. Roach's opinion that he agreed with the limitations opined by Mr. Armstrong. Dkt. 12 at 5. Plaintiff's makes a conclusory statement that the ALJ erred, but without elaboration or citation to supportive evidence. Plaintiff bears the burden of showing the ALJ harmfully erred. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Plaintiff has failed to show the ALJ harmfully erred and the Court affirms the ALJ's determination to discount Dr. Roach's opinion. *See Carmickle v. Comm'r*,

1   *Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues
2   not argued with any specificity).

3         c.   <u>Other Medical Evidence</u>

4       Plaintiff summarizes treatment notes and findings and argues that this evidence
5   supports her testimony and undermines the ALJ's residual functional capacity
6   assessment. Dkt. 12 at 6-8. The Court cannot review this general statement by plaintiff
7   because summarizing facts without providing analysis or legal argument does not
8   establish harmful error; bare assertions do not satisfy the requirement that plaintiff
9   present her contentions and reasons with specificity, *Sekiya v. Gates*, 508 F.3d 1198,
10  1200 (9th Cir. 2007). The Court will not "manufacture arguments where none is
11  presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

12        d.   <u>Prior Administrative Medical Findings</u>

13      Plaintiff also challenges the ALJ's evaluation of the prior administrative medical
14  findings of Dr. Diane Rubin, M.D., and Dr. Craig Billinghurst, M.D. Dkt. 12 at 9. Plaintiff
15  argues that neither of these two physicians accounted for her complaints of pain or for
16  the functional limitations she experiences due to her pain. *Id.*

17      The record does not support plaintiff's contentions. *See* AR 68-69 (Dr. Rubin
18  discussing plaintiff's alleged limitations on performing ADLs due to pain), 82 (symptoms
19  evaluation by Dr. Billinghurst noting that ADLs and the location, duration, frequency,
20  and intensity of claimant's pain were most informative in assessing consistency of
21  symptom statements).

22      Both physicians considered plaintiff's alleged symptoms when reviewing her
23  application and concluded that her statements were not substantiated by the objective

24

25

medical evidence. Plaintiff's disagreement with their conclusions does not establish harmful error. *See Katrina C. v. Comm'r of Soc. Sec.,* 2025 WL 446751, at *3 (W.D. Wash. Feb. 10, 2025) ("Plaintiff's general disagreement with the ALJ's assessment of her daily activities analysis does not demonstrate harmful error.").

Plaintiff also alleges that both opinions lack supportability and consistency because they are inconsistent with the findings and opinions of Mr. Armstrong, Dr. Roach, and Dr. Won. Dkt. 12 at 9. In making this argument, plaintiff fails to identify a specific assignment of error in the ALJ's assessment of this opinion evidence.

Plaintiff has failed to show the ALJ harmfully erred, and the Court affirms the ALJ's determination to discount Dr. Roach's opinion. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity).

**The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

Yet the ALJ is not required to believe every claim of disabling pain, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021); nor is the ALJ expected to analyze the claimant's testimony line by line. *Lambert v. Saul,* 980 F.3d 1266, 1277 (9th Cir. 2010). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff testified that she experiences neck and back pain due to a bulging disc and a surgically repaired rotator cuff in her right shoulder. AR 47-48. She stated that she cannot turn her head up, down, or to the right, without experiencing pain and dizziness. AR 48-49. She stated that she also cannot lift her right arm above her head due to her shoulder surgery and that she constantly feels tingling in her right hand. AR 49-50.

Plaintiff testified she constantly drops things and cannot write using that hand, because of the tingling. AR 50. Plaintiff testified that she has had to train herself to do some things with her left hand but that she relies on her husband and daughter to do many things for her such as washing her hair, cleaning, and cooking. AR 50-51. She also experiences periodic swelling which she testified causes her to choke and have difficulty swallowing. AR 49. Since she underwent a disc cauterization procedure, she has difficulty with her memory and now forgets simple tasks and has trouble with word finding. AR 60-61.

The ALJ found that plaintiff's impairments could reasonably be expected to produce the pain and other symptoms alleged, but plaintiff's statements about the severity of those symptoms were not fully consistent with the medical evidence and

other evidence in the record. AR 24. The ALJ found that plaintiff's symptom testimony was unpersuasive based on imaging of her spine and shoulder; normal physical examination results; improvement with treatment; evidence of self-restriction and pain behaviors; and only mild obesity. AR 24.

   e. <u>Examination Results</u>

  The ALJ also found plaintiff's testimony unpersuasive because it was inconsistent with examination results in the record which demonstrated no strength, sensory, or reflex deficits and a normal gait. AR 24. Plaintiff alleges this is a misapplication of the objective evidence test. Dkt. 12 at 10. Plaintiff states that once she showed she had severe impairments that could reasonably produce the symptoms alleged, the ALJ was prohibited from rejecting her testimony about the extent or severity of those symptoms based solely on whether objective medical evidence supports the degree of limitations. *Id.*

  Lack of corroboration in the medical record cannot alone support an adverse credibility determination, but "the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). As the ALJ provided several reasons beyond the medical evidence for rejecting plaintiff's testimony, this argument is unavailing.

  Further, "[w]hen objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt,* 53 F.4th at 499.

Plaintiff testified that she always feels tingling in her arm and hand, drops items when she holds them, and can no longer write with her right hand. AR 50. Not only are these complaints not documented in the medical record, but the record contains evidence which directly contradicts these claims. In a February 2022 report, Dr. Sushil Sethi noted that plaintiff "has occasional pain when she works too much above her head but *she does not have any weakness, paralysis, or dropping of any objects*." AR 622 (emphasis added). The ALJ reasonably found such evidence inconsistent with plaintiff's allegations.

    f.  <u>Pain Behaviors; Self-Restriction</u>

The ALJ also cited evidence of self-restriction and pain behaviors in discounting plaintiff's testimony. AR 24. Plaintiff does not discuss the ALJ's mention of self-restriction and states that pain behaviors "simply confirms [plaintiff] was experiencing pain." Dkt. 12 at 10.

Multiple physicians noted plaintiff's pain behaviors and self-limitation during evaluation. *See, e.g.,* AR 623 (Dr. Sethi noting plaintiff was "very self-limited in her range of motion" and "she is very self-restricted and has significant pain behavior"); 954 (Dr. Kitchel stating plaintiff's examination was marked by "multiple pain behaviors" and that she displayed tenderness out of proportion to palpation); 956 (Dr. Kitchel concluding "I think her range of motion is controlled by her volitional effort and she has cogwheel giving way of motor function and nondermatomal sensory loss"); 971 (Dr. Roach noting "it is a very difficult exam secondary to her saying she is in pain").

Evidence of exaggerated pain behavior can be a clear and convincing reason to reject symptom testimony. *See Tonapetyan v. Halter,* 242 F.3d 1144, 1148 (9th Cir.

2001) (tendency to exaggerate is a valid reason for the ALJ to discount credibility of plaintiff's statements); *Gerard v. Astrue*, 406 Fed. Appx. 229, 232 (9th Cir. 2010) (exaggerated pain behaviors support a negative credibility determination). A claimant's self-restriction or failure to give full effort on examination can also undermine the credibility of their testimony. *Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir. 2022) (holding that a claimant's "efforts to impede accurate testing of her limitations supports the ALJ's determinations as to her lack of credibility"). The ALJ's determination that plaintiff's pain behavior and self-restriction undermined her credibility was supported by substantial evidence.

Because the ALJ offered clear and convincing reasons for discounting plaintiff's statements about symptoms and limitations, including normal physical examination results and evidence of pain behaviors and self-restriction, any error in the other reasons offered by the ALJ would be harmless. *Carmickle,* 533 F.3d at 1162 (error is harmless if "the ALJ's decision remains legally valid, despite such error.").

**2. Lay witness evidence**

For cases filed prior to March 27, 2017, the Court would uphold the ALJ's decision to discount the opinion of a non-acceptable medical source, such as a friend or a family member, if the ALJ provided "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); 20 C.F.R. § 404.1502.

For applications filed on or after March 27, 2017, such as this one, an ALJ is "not required to articulate" how they evaluated evidence from non-medical sources such as educational personnel, public and private social welfare agency personnel, and other

lay witnesses. 20 C.F.R. § 404.1502(e). "It is unsettled whether an ALJ is still required to consider lay witness evidence under the regulations." *Apple v. Bisignano*, 2025 WL 1525314, at *3 (9th Cir. May 29, 2025) (quoting *Crummett v. King*, 2025 WL 470890, at *2 (9th Cir. Feb. 12, 2025)). But, even assuming for purposes of analysis that an ALJ must consider such evidence, the germane reasons standard applies. *Id.*

Here, because the Court has found the ALJ gave clear and convincing reasons for rejecting plaintiff's statements about symptoms and limitations, and "[the lay witness] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness] testimony." *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). The ALJ accordingly did not err when he discounted the lay testimony of plaintiff's daughter, husband, and friend.

### 3. RFC and Step Five Assessment

Plaintiff contends that the ALJ's RFC assessment and step five conclusion lack the support of substantial evidence because they do not include the limitations opined by Mr. Armstrong, Dr. Roach, and Dr. Won or those alleged in plaintiff's testimony. Dkt. 12 at 15-16. Because the Court finds no error in relation to the medical evidence or symptom testimony, this argument is also meritless.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 10th day of September, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge